## LAKE ERIE COLLEGE v GLOBE AUTO-MATIC SPRINKLER CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12043. Decided March 9, 1932

MAUCK, PJ, MIDDLETON and BLOSSER, JJ (4th Dist) sitting.

Garfield, Cross, MacGregor, Daoust & Baldwin, Cleveland, for plaintiff in error.

James B. Dolphin, and Stearns, Chamberlain & Royon, Cleveland, for defendant in error.

**BLOSSER, J.**

The evidence discloses that the defendant excavated under the wall of the dormitory building in order to bring its pipes into the building; that the soil at this point was of a sandy texture; that instead of using brick, stone or cement in underpinning the wall the defendant used two boards placed horizontally, one of which was placed at the bottom and the other at the top as a support to the wall, having two iron pipes, the ends of which rested on the lower board and the upper board resting upon the upper parts of the pipes. These boards gave way and sank, causing the damage to the wall of the building. The boards had dry rot and were defective. The record discloses considerable evidence reflecting on the manner in which the work was done and also the manner in which it ought to have been performed. After a review of all the evidence on this point we are persuaded that the testimony offered on behalf of the plaintiff more nearly represents the true situation than the evidence of the defendant. There was presented in evidence the two iron pipes and the two boards which were used to support the wall of the four story dormitory building. The boards were decayed and wholly inadequate for the purpose for which they were used. The most amateur mechanic would not attempt to support a wall of that size and weight on a soft sandy soil with a support of that kind. The boards themselves furnish ocular proof of the defective nature of the work. We are of the opinion that the verdict is manifestly against the weight of the evidence.

In the course of the trial it became important to ascertain the cause of the sinking and giving away of the foundation at the point of excavaton. This was one of the chief issues of the case. Mr. Havlicek, the defendant's manager, testified that after he had been notified of the bulge in the dormitory wall he made a trip to the building for the purpose of inspecting the wall; that while there he had a conversation with a workman who was excavating around the underpinning installed by the defendant. Over the objection of the plaintiff Mr. Havlicek was permitted to relate certain statements made to him by this workman as to the condition of a drain pipe which the workman claimed to have found at that point. At page 160 of the record this evidence appears:

"Q. He was there. Was anything said at that time about a hole in the rain conductor pipe or sewer pipe?
Mr. Lindemann. By whom?
Q. By any one there at that time?
A. Yes sir.
Q. Now, who said that?
A. The man who was out there making that excavation.
Q. Now, then, what did he say, Mr. Havlicek?
Mr. Lindemann. I object. The Court. He may answer. Mr. Lindemann. Exception.
A. He said that there was a hole in the drain pipe, and that at that time it had been made when the excavation was made. He also said that hole was not—
Mr. Lindmann. Wait a minute.
Q. What did he say, if anything, about the size of the hole, Mr. Havilcek?
A. He said the hole was about the size of a half dollar."

This evidence was important because if the drain pipe was defective and permitted water to drain at the point of excavation and soften the earth it might account for the giving away of the foundation and underpinning at that point. The statement was made by a laborer who could not in any way bind the plaintiff. It was purely hearsay evidence. It was not a part of the res gestae as claimed by the defendant. There was no opportunity to cross examine the workman who made the alleged statements. Its admission was prejudicial to the plaintiff.

For the reasons indicated the judgment of the Court of Common Pleas is reversed and the case remanded to that court for further proceedings according to law.

MAUCK, PJ and MIDDLETON, J, concur.